UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

INTERNATIONAL ASSOCIATION OF
SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS,
TRANSPORTATION DIVISION,

      Petitioner,

v.

RAPID CITY, PIERRE & EASTERN
RAILROAD,

      Defendant.

### PETITION TO ENFORCE TWO ARBITRATION AWARDS ISSUED BY THE NATIONAL RAILROAD ADJUSTMENT BOARD FIRST DIVISION

1. This is a petition to enforce two arbitration awards issued by the First Division of the National Railroad Adjustment Board ("NRAB" or "Board"), under Section 3 First(p) of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First(p).

2. Section 153 First(p) of the RLA empowers federal district courts to make such orders or to enter other judgments as may be appropriate to enforce awards and orders of the National Railroad Adjustment Board.

3. Venue properly resides in this Court under the provisions of 45 U.S.C. § 153 First(p) and Second, which permits the grievant, or any person for whose benefit an order of the National Railroad Adjustment Board or a Public Law Board is made, to seek compliance in a district court in which the petitioner resides or through which the carrier operates.

4. The Transportation Division of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART-TD") is the duly authorized representative for the

purposes of the RLA of the crafts or classes of train service employees employed by Rapid City, Pierre & Eastern Railroad ("RCPE" or "the Carrier"), including conductors.

5. RCPE is a corporation engaged in interstate transportation by rail and is a "carrier" as defined by the RLA, 45 U.S.C. § 151 First. RCPE has its principal operating office at 246 Founders Park Drive, Suite 202, Rapid City, SD 57701. RCPE operates through this district.

## COUNT I

6. The facts surrounding Mr. Kirby's claim before the NRAB are explained in detail in NRAB Award No. 31659 ("Kirby Award"), a true and correct copy of which is attached as Exhibit A.

7. In sum, Mr. Kirby was dismissed from service with the Carrier by letter dated August 9, 2022.

8. Mr. Kirby filed a claim seeking, *inter alia*, reinstatement to employment and compensation for all wage loss. SMART-TD progressed said claim that was the subject of the Kirby Award in the usual manner permitted by the applicable collective-bargaining agreement.

9. Upon failure of the Parties to reach an agreement, the dispute was referred to the NRAB as provided in Section 3 First(i) of the RLA, 45 U.S.C. § 153 First(i).

10. The NRAB issued the Kirby Award, dated February 23, 2024, sustaining Mr. Kirby's claim in part, reducing the discipline to a 12-month suspension.

11. Mr. Kirby was properly returned to work by RCPE. Unfortunately, to date, RCPE has failed to provide Mr. Kirby with backpay in accordance with the plain terms of the Kirby Award.

12. Section 3 First(p) of the RLA, 45 U.S.C. § 153(p), provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

## COUNT II

13. The facts surrounding Mr. Grace's claim before the NRAB are explained in detail in NRAB Award No. 31658 ("Grace Award"), a true and correct copy of which is attached as Exhibit B.

14. In sum, Mr. Grace was dismissed from service with the Carrier by letter dated June 17, 2022.

15. Mr. Grace filed a claim seeking, *inter alia*, reinstatement to employment and compensation for all wage loss. SMART-TD progressed said claim that was the subject of the Grace Award in the usual manner permitted by the applicable collective-bargaining agreement.

16. Upon failure of the Parties to reach an agreement, the dispute was referred to the NRAB as provided in Section 3 First(i) of the RLA, 45 U.S.C. § 153 First(i).

17. The NRAB issued the Grace Award, dated February 23, 2024, sustaining Mr. Grace's claim in full.

18. Mr. Grace was properly returned to work by RCPE. Unfortunately, to date, RCPE has failed to provide Mr. Grace with backpay in accordance with the plain terms of the Grace Award.

19. Section 3 First(p) of the RLA, 45 U.S.C. § 153(p), provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

**WHEREFORE,** Petitioner respectfully requests that this Court grant the following relief:

A. Issue injunctive relief requiring that RCPE, its officers, agents, and employees comply with the Kirby and Grace Awards, including the full payment of backpay while improperly dismissed from employment;

B. Award attorneys' fees and costs to SMART-TD in accordance with 45 U.S.C. § 153 First(p) and Second; and

C. Grant Petitioner such other and further relief, which this Court deems to be just and proper.

Respectfully submitted,

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: 5/30/24

*/s/ Cortney S. LeNeave*
Cortney S. LeNeave, MN ID 018424X
Thomas W. Fuller, MN ID 0394778
Isabel S. Johnson, MN ID 0402429
Attorneys for Plaintiff
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
cleneave@hlklaw.com
tfuller@hlklaw.com
ijohnson@hlklaw.com

*/s/ Shawn M. McKinley*
Assistant General Counsel, *pending forthcoming pro hac vice application*
SMART-Transportation Division
6060 Rockside Woods N. Suite 345
Independence, OH 44131
Tel: (216) 228-9400
Fax: (216) 228-0937
smckinley@smart-union.org

**ATTORNEYS FOR PETITIONER**